UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANTHONY BENNETT,

                  Plaintiff,

      - against -

UNITED STATES TREASURY
SECRETARY,

                 Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-6655 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

On October 31, 2022, Plaintiff Anthony Bennett, currently in civil commitment at the Secure Treatment and Rehabilitation Center in Marcy, New York, brought this *pro se* action asserting federal question jurisdiction under 28 U.S.C. § 1331.[1] (Compl., Dkt. 1.) Plaintiff has paid the required filing fee to bring the action. (Dkt. 2.) For the reasons discussed below, Plaintiff's Complaint is dismissed and Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to submit an Amended Complaint.

## BACKGROUND

Plaintiff's Complaint is long and difficult to understand. Plaintiff names the United States Treasury Secretary as Defendant, stating that his "only defendant at present is the trustee who failed to do his duty towards the trust. I'm talking about the United States Treasury Secretary." (Compl., Dkt. 1, at ECF 7.[2]) Plaintiff appears to allege two claims: (1) "my private status as a

---

[1] Plaintiff previously filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his civil confinement, which was denied by the Court on September 23, 2022. *See Bennett v. Dill*, No. 21-CV-1450 (PKC), 2022 WL 4451040 (E.D.N.Y. Sept. 23, 2022).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Private Citizen" and (2) "I am now owner of case 289/84 (Docket # from Queens County Court) and all other cases attached to it. It is now my perfected property under #: R2022-001403 as the beneficiary I protect my property of this claim and want all interest returned to the beneficiary of this all caps entity." (*Id.* at ECF 7–8.)

In further support of his first claim regarding his status as a "Private Citizen", Plaintiff explains that "[a]s a Private Citizen of Section 1 of the 14th Amendment[,]" "his property rights should be protected not violated by this government." (*Id.* at ECF 12.) In further support of his second claim, Plaintiff asserts that his "affidavit of status has been recorded and filed under number R2022-000-896 in Oneida County on June 30, 2022 and my perfected gift or property #R2022-00-1403 is now my perfected private property and I own the whole entire case – 289/84 and all other cases attached and cannot be used to continue to hold me in unlawful confinement; you need my consent to use my property and no such thing has been granted, nor have I been compensated for such unauthorized use." (*Id*. at ECF 8.) Lastly, Plaintiff "respectfully demand[s] that the Clerk or Special Masters [sees] my equitable claim/suit on its face" and offers to pay for a special master from Plaintiff's own trust or bank account. (*Id.*)

## LEGAL STANDARD

In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* Complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d

Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Regardless of whether a plaintiff has paid the filing fee, district courts "have the inherent authority to *sua sponte* dismiss a fee-paid action as frivolous." *Mendes de Costa v. Marcucilli*, 792 F. App'x. 865, 867 (2d Cir. 2019) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000)).

## DISCUSSION

Liberally construed, Plaintiff appears to be alleging that the United States Treasury Secretary is unauthorizedly using his private property, recorded with the Oneida County Clerk as Instrument # R2022-00-1403. (*See* Compl., Dkt. 1, at ECF 8 ("[Y]ou need my consent to use my property and no such thing has been granted, nor have I been compensated for such unauthorized use.").) However, the "private property" Plaintiff alleges the Treasury Secretary of using is a court case in Queens County. (*Id.* ("I own the entire case – 289/84 and all other cases attached[.]").) This Court is unaware of how a legal matter can constitute an individual's private property. Moreover, Plaintiff provides no facts explaining how Defendant improperly used this "private property." Thus, the Court finds Plaintiff's allegations to be nonsensical and frivolous.

Furthermore, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of his claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Here, the Court is unable to discern any non-frivolous claims from the face of the Complaint. Thus, the Court dismisses the Complaint, but grants Plaintiff leave to amend it.

## CONCLUSION

In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff is granted thirty (30) days to file an amended complaint. If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order: 22-CV-6655 (PKC) (RER).

If Plaintiff fails to comply with this Order within the time allowed or cure the deficiencies discussed herein, the Court will direct the Clerk of Court to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 6, 2022
       Brooklyn, New York